# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00666-CR

**Priscilla Limon, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT OF LLANO COUNTY
### NO. 14279, HONORABLE WAYNE BRASCOM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted Priscilla Limon of cruelty to animals, a class A misdemeanor.[1]  The trial judge sentenced Limon to a term in county jail and a term of probation along with 40 hours of community service at the Christ Yoder Animal Shelter along with an $800 fine, $785 in restitution, and $291 in court costs.

Limon's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit.  Limon's counsel sent Limon a copy of

---

[1] Act of May 29, 1993, 73d Leg., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3679, *amended by* Act of May 28, 1995, 74th Leg., ch. 318, § 15, 1995 Tex. Gen. Laws 2734, 2740-41, *amended by* Act of May 26, 1997, 75th Leg., ch. 1283, § 1, 1997 Tex. Gen. Laws 4906, 4906-07, *amended by* Act of Apr. 25, 2001, 77th Leg., ch. 54, § 3, 2001 Tex. Gen. Laws 90, 95, *amended by* Act of May 24, 2001, 77th Leg., R.S., ch. 450, § 1, 2001 Tex. Gen. Laws 887, 881-88, *amended by* Act of May 30, 2003, 78th Leg., ch. 1275, § 2(116), 2003, Tex. Gen. Laws 4140, 4147, *amended by* Act of May 23, 2007, 80th Leg., R.S., ch. 886, § 1, 2007 Tex. Gen. Laws 2163, 2163-66 (former Tex. Penal Code Ann. § 42.09).

counsel's brief and advised her of the right to examine the appellate record and to file a pro se brief. *See Anders v. California*, 386 U.S. 738, 744 (1967). No pro se brief or other written response has been filed.

We have reviewed the record, including appellate counsel's brief, and find that the record shows at least one arguable ground for appeal. *See Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Specifically, the record demonstrates that the jury charge allowed Limon to be convicted upon a lesser mental state than required under the law in effect at the time Limon allegedly committed the crime. The jury charge stated that the jury could find Limon guilty of animal cruelty if she acted intentionally, knowingly, or recklessly. This statement of the law is correct for the animal cruelty law that became effective September 1, 2007. *See* Tex. Penal Code Ann. § 42.092 (West 2011). Limon, however, was charged with animal cruelty for acts committed on April 17, 2007. At that time, the animal cruelty law required intentional or knowing conduct. *See* n.1, *supra*, former Tex. Penal Code Ann. § 42.09.

Because an *Anders* brief has been filed, we may not address the merits of any arguable ground for appeal until the issue has been briefed by new counsel. *See Bledsoe*, 178 S.W.3d at 827. Accordingly, this appeal is abated. The trial court is instructed to appoint substitute counsel to file a brief addressing whether reversible error exists based on the error in the jury charge, along with any other issue that counsel deems meritorious.[2] *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.

---

[2] In addition to the noted issue, on the present record it is uncertain whether the sentence imposed was proper. The judgment of conviction specifies "Punishment and Place of Confinement" as "Llano County Jail 18 months — 120 days as condition of probation." The judgment further

Crim. App. 1991).  Present counsel's motion to withdraw is granted.  *See id.*  A copy of the order appointing substitute counsel shall be forwarded to this Court no later than February 21, 2012. Substitute counsel's brief will be due thirty days after the date of appointment.

                                               _____

                                            J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Abated

Filed:   February 9, 2012

Do Not Publish

---

suspends the sentence of confinement and places Limon on community supervision for 18 months. If the trial judge imposed a sentence of 18 months in county jail, with all but 120 days suspended, the sentence exceeds the statutory maximum term of imprisonment for a Class A misdemeanor, which is one year.  *See* Tex. Penal Code Ann. § 12.21 (West 2011).